UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff | ) |
| v. | ) CASE NO. 2:08-CV-174RM |
| NADINE LOCKETT, | ) |
| Defendant | ) |

OPINION and ORDER

On June 9, 2008, the United States of America filed a complaint against Nadine Lockett alleging that she is indebted to the United States for amounts due on a defaulted student loan. This matter is now before the court on the government's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(e). For the reasons that follow, the court grants the government's summary judgment motion.

I. FACTUAL BACKGROUND

On September 18, 1986, Ms. Lockett executed a promissory note in the amount of $2,500.00 for a PLUS/SLA loan. The loan was granted by Gainer Bank, guaranteed by United States Air Funds, Inc., and reinsured by the U.S. Department of Education ("DOE"). The holder demanded payment according to the note's terms, and Ms. Lockett defaulted on the loan on October 7, 1987. Following default, the holder filed a claim on the loan guarantee, and the guaranty agency paid a claim in the amount of $2,639.18 to the holder. The DOE then reimbursed

the guarantor for that claim payment under the reinsurance agreement. Under 34 C.F.R. § 682.410(b)(4), once the guarantor pays on a default claim, the entire amount paid becomes due to the guarantor as principal. Accordingly, the guarantor tried to collect this debt from the borrower but was unable to collect the full amount due. The guarantor assigned its right and title to the loan to the DOE. Since the assignment, the DOE credited a total of $675.00 in payments from all sources, including any Treasury Department offsets, to the balance, resulting in a total debt of $2,639.18 principal and $3,537.82 interest as of January 12, 2008. Interest continues to accrue on the principle at the rate of $0.58 per day.

As the note's current holder, the United States filed its complaint demanding payment of the loan and interest on June 9, 2008. Ms. Lockett responded to the complaint on June 18, stating that she was willing to "make some type of payment arrangement to settle the debt." Ms. Lockett also indicated that she sent in a proposal and was asking for a waiver of the interest requirement.

Based on this response, the government states that Doris Conway, a paralegal specialist assigned to the Financial Litigation Unit of the United States Attorney's Office for the Northern District of Indiana, sent a letter to Ms. Lockett indicating that the DOE would settle the case if she made a lump sum payment representing approximately 75% of the debt on or before September 17. Ms. Conway claims that she spoke with Ms. Lockett on the telephone about the settlement proposal, and Ms. Lockett indicated she would have the funds to

resolve the matter. On September 5, Ms. Conway sent Ms. Lockett a letter reiterating the terms of the settlement agreement as well as a consent judgment and financial statement for completion, signature, and return. Ms. Conway says that Ms. Lockett called the office, said she couldn't make the lump sum settlement, and set a meeting for the next day to discuss the debt. On September 17, Ms. Lockett called again and said she was unable to make the meeting due to car problems, and Ms. Conway told her to mail the signed consent decree and paperwork to the office.

On September 19, Ms. Lockett sent a letter to the United States Attorney in which she expressed the desire to receive a reduced judgment amount and offered to make a payment of $60.00 to delay entry of the judgment. In response, the United States claims that it informed Ms. Lockett in writing and by telephone that in the event that she didn't make payment in full or return the consent judgment, it would move for a judgment and enforce collection of the debt.

The United States filed its motion for summary judgment on September 26, contending that it is entitled to a judgment for the full amount due on the loan. The United States attached a sworn certificate of indebtedness executed by Alberto Francisco, the loan analyst charged with monitoring and collecting the student loan at issue, and it also served Ms. Lockett with a notice of the consequences of failing to file a properly supported response to the motion for summary judgment. Ms. Lockett hasn't responded to the government's motion.

II. DISCUSSION

Summary judgment is appropriate when "the pleadings, depositions, answers to the interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). In deciding whether a genuine issue of material fact exists, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). No genuine issue of material fact exists when a rational trier of fact could not find for the nonmoving party even when the record as a whole is viewed in the light most favorable to the nonmoving party. O'Neal v. City of Chicago, 392 F.3d 909, 910-911 (7th Cir. 2004). A nonmoving party cannot rest on mere allegations or denials to overcome a motion for summary judgment; "instead, the nonmovant must present definite, competent evidence in rebuttal." Butts v. Aurora Health Care, Inc., 387 F.3d 921, 924 (7th Cir. 2004). Specifically, the nonmoving party must point to enough evidence to show the existence of each element of its case on which it will bear the burden at trial. Celotex v. Catrett, 477 U.S. 317, 322-323 (1986); Lawrence v. Kenosha Cty., 391 F.3d 837, 842 (7th Cir. 2004).

A promissory note is a negotiable instrument subject to Indiana's version of the Uniform Commercial Code. IND. CODE § 26-1-3.1-104; *see also* Payne v. Mundaca Inv. Corp., 562 N.E.2d 51, 55 (Ind. Ct. App. 1990). Under Indiana law, the holder of a negotiable instrument may recover on that instrument by

4

producing the signed note, or a copy of the note, and proving that the note was executed and is now due and unpaid. *See* F.D.I.C. v. Skotzke, 881 F. Supp. 364, 366 (S.D. Ind. 1994) (*citing* Harrison v .Morias, 230 N.E. 2d 545, 548 (Ind. Ct. App. 1967)); Ind. Code § 26-1-3.1-308 (2008). Once the holder has met this burden, the defendant must specifically plead and prove a defense to liability to avoid entry of judgment. F.D.I.C. v. Skotzke, 881 F. Supp. at 366.

The United States has established a prima facie case as demonstrated by the certificate of indebtedness: the United States has shown that it is the holder of the promissory note, Ms. Lockett executed the note, and Ms. Lockett defaulted on that note, making it due and unpaid. The United States produced a signed copy of the note, and Ms. Lockett hasn't contested that she is the signatory or challenged the government's allegations regarding the amounts due. Instead, in her response to the government's complaint, she indicates that she accepts responsibility for the note and wants to settle the debt. Although the United States made several attempts to reach a settlement with Ms. Lockett, it was unable to do so based on Ms. Lockett's lack of adequate funds.

Ms. Lockett hasn't refuted the government's factual allegations nor has she raised a legal defense to negate her responsibility to pay the full amount of the loan. Accordingly, there is no genuine issue of material fact for trial, and the United States is entitled to judgment as a matter of law.

III. CONCLUSION

For the foregoing reasons, the court GRANTS the government's motion for summary judgment [Doc. No. 9] and enters judgment against Nadine Lockett in the amount of $6,258.92, plus costs of the suit, including but not limited to, the filing fee of $350.00, as authorized by 28 U.S.C. §§ 1941(a) and 2412(a)(2), plus interest to accrue at the rate of 8% per annum to the date of judgment, plus interest at the statutory rate until paid in full. The clerk shall enter judgment accordingly.

SO ORDERED.

ENTERED: November 13, 2008

/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court